[No. 2407]

## STATE OF NEVADA, EX REL. J. G. SCRUGHAM, AS STATE ENGINEER, RELATOR AND PETITIONER, *v.* THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF THE STATE OF NEVADA, IN AND FOR HUMBOLDT COUNTY, THE HONORABLE J. A. CALLAHAN, DISTRICT JUDGE THEREOF, AND HONORABLE C. J. MCFADDEN, ACTING DISTRICT JUDGE THEREOF, RESPONDENTS.

[184 Pac. 1023]

1. PROHIBITION—MOOT CASE DISMISSED.
> Where proceedings in prohibition were brought to restrain district judge from hearing a motion to dissolve a preliminary injunction, the proceeding will be dismissed where, upon hearing, it appears that the motion had been decided and the injunction dissolved by such judge prior to the service upon him of the alternative writ.

PROCEEDING in prohibition by the State of Nevada, on the relation of J. G. Scrugham, as State Engineer, against the District Court of the Sixth Judicial District of the State of Nevada, in and for Humboldt County, and Honorable J. A. Callahan, District Judge thereof, and Honorable C. J. McFadden, Acting District Judge thereof. **Proceeding dismissed.**

*Leonard B. Fowler,* Attorney-General, and *Robert Richards,* Deputy Attorney-General (*Carey Van Fleet,* of Counsel), for Petitioner.

*Cheney, Downer, Price & Hawkins,* for Respondents.

By the Court, DUCKER, J.:

On the petition of the above relator and petitioner, this court issued an alternative writ of prohibition restraining the respondents from hearing, trying, or entering a decree in that certain action entitled "In the Sixth Judicial District Court of the State of Nevada, in and for the County of Humboldt, W. C. Pitt et al., Plaintiff, v. J. G. Scrugham, as State Engineer, Defendant," and required said respondents to show cause before this

court why they should not be absolutely restrained and prohibited from taking any further proceedings in said action except to dismiss the same. Due return having been made thereto, the matter came on for hearing in this court and was argued and submitted.

It appeared upon said hearing that the motion to dissolve a preliminary injunction theretofore issued in said action and submitted to the respondent Hon. C. J. McFadden for consideration and decision, and which decision was sought to be restrained by said writ, had been decided and the injunction dissolved by him prior to the service upon him of said alternative writ. We are therefore of the opinion that the proceedings in this court are to all intents and purposes resolved into a moot case and should be dismissed.

It will be so ordered.